UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TED B. JONES, | |
| Plaintiff, | |
| v. | CASE NO. 1:25-CV-653-HAB-ALT |
| IMPD, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Plaintiff Ted B. Jones has filed a pro se Civil Complaint (ECF No. 1)—which was transferred to this Court from the Southern District of Indiana on December 3, 2025 (ECF No. 6)—and has now filed multiple Motions to Proceed in Forma Pauperis (ECF Nos. 12, 13, 15), Motions to Appoint Counsel (ECF Nos. 10, 16), and Motions for Settlement (ECF Nos. 20, 21).

To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line. . .." 28 U.S.C. § 1930(f)(1); *cf.* https://www.uscourts.gov/sites/default/files/poverty-guidelines.pdf (150% of the HHS Poverty

Guidelines for 2021). Though this is not a Bankruptcy case, the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services pursuant to 42 U.S.C. § 9902. A review of Plaintiff's in forma pauperis petition shows that he meets the financial requirement to proceed IFP.

However, in assessing whether a plaintiff may proceed IFP, district courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant. The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Further, "[c]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

Plaintiff's Complaint is handwritten on notebook paper and is nearly indecipherable. As best the Court can tell, Plaintiff is challenging actions taken by (1) the Fort Wayne Police Department, officers of which he claims he was "beat by . . . for 15 years," (ECF No. 1 at 1); (2) the Indianapolis Metropolitan Police Department for damage the officers did to his property in 2020 as well as alleged abuse he suffered by officers in 2023;[1] and (3) Majestic Home

---

[1] The Court is aware of a similar case from the Southern District of Indiana brought by Jones for claims against the I.M.P.D. in 2020, which was settled and dismissed with prejudice on July 9, 2021. *Jones v. King et al.*, No. 1:20-cv-

(alternatively referred to as "Majestice [sic] Nursing Home for Rehab") for improper care. Plaintiff also includes the F.B.I. and "Vape" as defendants, though the Complaint contains no intelligible reference to any conduct by the F.B.I. or its officers and "Vape" as referred to in his Complaint—"it's a gas that kills" (ECF No. 1 at 6)—is not a person or entity capable of being sued. Additionally, while the Complaint does not appear to include facts related to the defendant Allstate Insurance, an additional recent filing entitled a "Request to Reeleve" addresses Plaintiff's allegedly denied homeowner's insurance from Allstate. (ECF No. 19).[2]

The Complaint suffers from multiple fundamental deficiencies. First, Plaintiff has not identified any basis for the Court's jurisdiction over any of these allegations. Further, given the illegible nature of the handwritten complaint, the Court is unable to discern at this stage whether there is sufficient factual information alleged for the Court to determine it has jurisdiction over Plaintiff's claims. Should Plaintiff wish to proceed with his case, he must amend his Complaint to clearly identify (1) the federal law giving rise to his claims, (2) that the parties are of diverse citizenship under 28 U.S.C. § 1332, or (3) another basis for the Court's jurisdiction.

Should Plaintiff choose to amend his complaint, he must provide a "*short* and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). This requirement is satisfied when the Complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" as opposed to just "naked assertions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, pursuant to the Local Rules for the Northern District of Indiana, the Court requires

---

1804-JPH-DLP. To the extent that Jones may be trying to rehash the same facts or claims, he is barred from attempting to relitigate the same claims.

[2] The Court construes Plaintiff's "Request to Releeve" as an attempt to amend the complaint to add facts relating to Allstate Insurance Company and assert new claims against it. Because this appears to be yet another attempt to sue on unrelated claims, that request is DENIED. As noted herein, Plaintiff must file separate lawsuits for claims that are separate and unrelated to other claims.

3

Plaintiff to use a clerk-supplied form if he intends to amend his complaint. *See* N.D. Ind. L.R. 7-6. In amending his complaint using the Court's provided Civil Complaint Form, Plaintiff must *legibly* provide the facts of his allegations against each defendant, including identifying the individuals that were personally involved in the deprivations he alleges in his Complaint and specifying the "who, what, when, and where" of the events he asserts as the basis for his claim.

     Second, Plaintiff appears to have filed a complaint with unrelated claims. "[U]nrelated claims against different defendants belong in different suits," *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). When a plaintiff files a complaint with unrelated or mis-joined claims, the court may allow the plaintiff to decide which properly joined and related claims to pursue in the current case and when (or if) to bring the other claims in separate suits. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (District courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants."). Plaintiff needs to file an amended complaint containing *only* those related claims he decides to pursue in this case. If he wants to pursue other claims, he must bring them in separate lawsuits. If Plaintiff needs additional Civil Complaint Forms to file these unrelated claims as separate suits, he may request them. Should Plaintiff persist in pursuing unrelated claims in the same suit, the Court could properly limit this case by picking a claim (or related claims) for him because "[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed. R. Civ. P. 21." *Wheeler*, 689 F.3d at 683.

     Additionally, the Court is in receipt of Plaintiff's two recent filings, a "Request for Settument [sic] as to Vape" (ECF No. 20) and a "Request to Settual [sic] as to IMPD, FBI, FT Wy P.D." (ECF No. 21), which the Court construes as requests for settlement with these defendants. These motions are premature, however, as he has not been permitted to proceed in forma pauperis

4

until he complies with the Court's orders. Any further filings that are non-responsive to this Opinion and Order will be stricken as non-compliant.

Accordingly, the Court:

- DIRECTS the CLERK to mail a Civil Complaint Form with the above-captioned case number to the Plaintiff;

- Plaintiff is granted until February 5, 2026, to return a properly completed Civil Complaint Form to the Clerk. Plaintiff should complete the form in clear writing or typewritten format that the Court can read and should identify the individuals that were personally involved in the deprivations he alleges in his complaint and specify the "who, what, when, and where" of the events he asserts as the basis for his claims;

- Plaintiff is CAUTIONED that if he does not file an amended complaint with *only* related claims, the Court will pick a claim and dismiss the others;

- The Motions to Proceed In Forma Pauperis (ECF Nos. 12, 13, 15) and Motions to Appoint Counsel (ECF Nos. 10, 16) REMAIN UNDER ADVISEMENT and no further similar motions will be accepted;

- The "Request to Reeleve" (ECF No. 19), "Request for Settument as to Vape" (ECF No. 20), and "Request to Settual as to IMPD, FBI, FT Wy P.D." (ECF No. 21) are DENIED;

- Failure of the Plaintiff to return the Civil Complaint form to the Clerk as directed will result in DISMISSAL of his case without further notice.

**SO ORDERED** this 6th day of January 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
