**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

TED B. JONES,

      Plaintiff,

        v.                                      CASE NO. 1:25-CV-653-HAB-ALT

IMPD, et al.,

      Defendants.

## OPINION AND ORDER

On January 6, 2026, the Court instructed *pro se* Plaintiff Ted Jones to return a properly (and legibly) completed Civil Complaint Form with an amended complaint containing only related claims. (ECF No. 22). Jones was warned that failure to follow that Order by February 5, 2026, would result in a dismissal of this case, and that any further filings non-responsive to the Order would be stricken as non-compliant. (*Id.* at 5). Now, two months have passed and not only has Jones failed to follow this Court's prior Order, he has continued on his frivolous-filing escapade by writing six more illegible letters to the Court, each of which has been stricken as non-compliant. *See* ECF Nos. 25, 26, 29, 33, 34, 36. Because he has failed to comply with this Court's Order, this case will be dismissed.

Jones is a known frequent litigant in the Northern District of Indiana. He has been filing suits since the last century—with four in the last two years—and each case was dismissed in the earliest stages as legally frivolous, failing to state a claim upon which relief could be granted, failing to allege any cause of action over which this Court has subject matter jurisdiction, or else failure to comply with the Court's prior orders. *See Jones v. Reno, et al.*, No. 1:94-CV-240-WCL; *Jones v. Fort Wayne City of, et al.*, No. 1:96-CV-484-WCL; *Jones v. Fort Wayne IN, et al.*, No.

1:97-CV-465-WCL; *Jones v. Stoner, et al.*, No. 1:03-CV-303-TLS-RBC; *Jones v. Indy City of, et al.*, No. 1:12-CV-111-RL-RBC; *Jones v. Majestic Care Ctr.*, No. 1:24-CV-111-HAB-SLC; *Jones v. CitiLink Bus*, No. 1-25-CV-352-HAB-ALT; *Jones v. Parkview Hospital, et al.*, No. 1:25-CV-372-HAB-ALT. Some of these suits have had overlapping or even repeated facts or claims—as best the Court can tell, the instant suit attempts to rehash many of the allegations Jones has lodged in prior cases either in this Court or the Southern District of Indiana. Most recently, Jones's two other suits filed in 2025 were dismissed for failure to comply with the Court's orders to either pay the filing fee or file a motion to proceed IFP.

But dismissal apparently has not deterred Jones from continuing to badger the Court. In each of the other 2025 cases Jones filed not one, not two, but *three* handwritten requests to reopen the case. All six requests were denied as the rambling filings included—and the Court could find—no justification to grant him such relief. And in the Court's most recent order in both cases, the undersigned cautioned Jones that further frivolous filings could result in the Court restricting his ability to make filings. *See Ted B. Jones v. CitiLink Bus*, No. 1:25-CV-352, ECF No. 25 at 2 (N.D. Ind. Jan. 14, 2026); *Jones v. Parkview Hospital, et al.*, No. 1:25-CV-372, ECF No. 21 at 2 (N.D. Ind. Jan. 14, 2026). Jones was warned:

> To reiterate what has already been said in previous orders, Jones's case was dismissed because he did not pay the filing fee or move to have it waived. If Jones thinks the Court erred in dismissing the case, he can appeal that decision to the United States Court of Appeals for the Seventh Circuit. What he cannot do is keep coming back to this Court asking for more bites at the apple without addressing the issue that got his case dismissed in the first place. None of this prevents him from filing a new complaint using the proper forms that he has been provided which states a claim that this Court can hear. But if he continues to flout this Court's orders, the Court may be left with no choice but to restrict his ability to make future filings.

*Id.*

That time has come. Jones has been repeatedly admonished that he would be restricted if he continued to make frivolous filings. Those warnings have not deterred him, and his conduct has continued to waste limited judicial resources. *See Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004) ("Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)).

For these reasons, the Court:

(1) DENIES Jones's pending Motions for Leave to Proceed *In Forma Pauperis* (ECF Nos. 12, 13, 15) and Motions to Appoint Counsel (ECF Nos. 10, 16);

(2) DISMISSES this case with prejudice;

(3) RESTRICTS Ted B. Jones[1] from filing any paper in this Court including the filing of any new case (except a notice of appeal in this case, any case/motion pursuant to 28 U.S.C. § 2254 or § 2255, or filing in any federal criminal proceeding against him);

(4) GRANTS Jones leave to seek to remove this restriction after it has been in place for two years; and

(5) ADMONISHES Jones that if he attempts to circumvent this or any other restriction order, he may be fined or subjected to more severe restrictions.

**SO ORDERED** this 6th day of March 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[1] The Court is aware that Jones sometimes signs his name as "Teddie Jones," "Ted Belcher," "Ted Washington," or some combination of the three. The filing restriction will apply to him no matter which name he attempts to use.